## LITTLE et al. v. PORTER.

### No. 9928.

Court of Civil Appeals of Texas. Galveston.
Jan. 19, 1934.

Painter, Alpha & Painter, of Houston, for appellants.

Mark M. Carter, of Goose Creek, for appellee.

PLEASANTS, Chief Justice.

This is a suit for injunction brought by appellee against appellants, the mayor and aldermen of the town of Pelly in Harris county.

It is agreed by appellee and appellants that the town of Pelly was incorporated on December 6, 1919, as a town or village of more than 400 and less than 10,000 inhabitants, as the result of an election legally called and held under and as provided by our statutes. On January 17, 1920, a mayor and board of five aldermen from the town at large were elected. On March 8, 1920, the board of aldermen passed an ordinance adopting the provisions of title 22 of the Revised Statutes, and more especially chapter 14 thereof, and all of the amendments thereto; that since such time there have been no other ordinances passed by the council of Pelly, adopting or attempting to adopt any part of the provisions pertaining to cities and towns and villages, being title 28 of the Revised Civil Statutes of 1925. That the plaintiff in this case served as marshal of Pelly for a number of years and was first elected to the office of marshal of Pelly at the election held in April, 1931; at the election held in April, 1932, the plaintiff in this case was again elected marshal of Pelly, and duly qualified as such and is now acting as such; that Pelly has, since its organization, held an annual election for the purpose of electing all officers, the officers being elected for a period of one year only, and the governing body consisted of a mayor and five aldermen elected at large in the said city or town of Pelly. That on May 2, 1930, the counsel passed an ordinance appointing appellee, V. C. Porter, city marshal, and fixed his salary in the amount of $60 per month, including fees, the salary to be appropriated from fund No. 3, and the appointment to be for the term of the present administration; that on November 14, 1930, the council passed a resolution allowing the marshal $15 per month, for gas, lube, etc., to be used in connection with his duties as city marshal, and to be paid out of the general fund, beginning on December 1, 1930; that the plaintiff, after serving several terms as city marshal by appointment, was first elected in the April election, 1931; that on February 18, 1931, the council provided for his election, and further provided that he should receive as compensation such salary or fees of office as the council shall fix from time to time, provided that until changed by further action of the city council, the compensation of the city marshal, when elected, shall be as now provided by the ordinances of the city of Pelly; that on May 12, 1931, the city council, by motion, fixed the salary of the marshal the same as allowed by the previous administration, until further action from the council; that no ordinance was passed on or before January 1, 1932, or prior to the election in April, 1932, fixing the salary or compensation of the city marshal, or dealing in any way with the salary of the city marshal; that on April 26, 1932, the council of Pelly passed an ordinance fixing the compensation of the marshal as therein set forth, to wit, at an amount equal to the total amount of fines and fees collected and turned into the city treasury of the city of Pelly through the recorder's court during each calendar month, such compensation not to exceed the sum of $100 per month, and same to be paid out of the general expense fund of the city of Pelly monthly; provided, however, that from the total amount of fines and fees collected there shall be deducted an amount sufficient to pay all expenses by the city marshal for feeding and transporting prisoners, or other expenses for which the city may be liable, before computing the compensation to be paid such city marshal.

This ordinance declares that all ordinances in conflict therewith are repealed.

Appellee asks for an injunction restraining the appellants from enforcing the ordinance last mentioned and passing any ordinance changing his salary from that fixed by ordinance during his term of office prior to his election.

The defendants, appellants in this court, answered plaintiff's petition by a general demurrer and numerous special exceptions, the nature of which we deem it unnecessary to

state. They denied generally the allegations of the petition, and specially pleaded, in substance, that the town of Pelly, upon the petition of its inhabitants and as the result of an election held in response to such petition, was incorporated on December 29, 1920, as a town of more than 400 and less than 10,000 inhabitants, in accordance with the provisions of chapter 14, title 22, of Vernon's Sayles' Revised Statutes of 1914 (now chapter 11, title 25, R. S. 1925); that said town has continued since its original incorporation to operate under the provisions of the statutes of this state applying to towns and villages, and has not by an election or by any ordinance of the board of aldermen changed its form of government or assumed to exercise any governmental powers except those granted by the statute under which it became incorporated; that its governing body has been elected yearly since its incorporation, the five aldermen being elected from the town at large; that prior to the annual election in April, 1931, there was no election of a city marshal, but the person selected by the town authorities to perform the duties of marshal was appointed by each succeeding administration after each annual election; that appellee, Porter, having previously held that position, was, upon his application, reappointed to the position of marshal on May 12, 1930, to hold "during the term of the present administration, at a salary of $60.00 per month, including fees of office"; that thereafter, on November 14, 1930, the board of aldermen by resolution made an allowance of an additional $15 per month to appellee from and after December 1, 1930, to cover the costs of operating the automobile used by him in the performance of the duties of his office.

It is further alleged that an ordinance of the town passed on February 2, 1923, dispensing with the office of city marshal, was not expressly repealed by the board of aldermen, or so-called city council of the city of Pelly until February 18, 1931, at which time it was ordained that the city marshal should be elected at the next regular election, and should receive as compensation "such salary and fees of office as the city council shall fix from time to time, provided that until changed by further action of the city council the compensation of the city marshal when elected shall be as now provided by the ordinances of the City of Pelly." That on April 26, 1932, after the election for the yearly term of one year, the ordinance fixed his salary at an amount equal to the total amount of the fees and fines collected by him and turned into the city treasury not to exceed $100 per month, and that there should be first deducted from such fines and fees all expenses incurred for feeding and transporting prisoners and other expenses for which the city may be liable, before computing the amount of compensation to be paid the marshal.

It is then averred that since the statute (article 1147, R. S. 1925) fixes the compensation of the marshal for towns and villages incorporated as such, at fees allowed constables for similar services, any additional compensation that had theretofore been allowed by the city council of Pelly, whether or not so designated, could only be regarded as compensation for ex officio services, which was subject to alteration or change at the will of the council at any time.

The answer further avers that the right to alter and change the compensation of appellee at any time was expressly reserved in the several ordinances fixing his compensation, and the exercise of such right by the city has been heretofore acquiesced in by the appellee.

The trial in the court below without a jury resulted in a judgment overruling the motion of appellants to dissolve the temporary injunction theretofore granted, and perpetuating such injunction.

The controlling question presented by this appeal is whether article 1010 of our Statutes, requiring the city council of all cities in this state incorporated as such under our statutes regulating such incorporation, to fix the compensation of all officers elected or appointed by the city council on or before January 1st next preceding such election or appointment, and that unless such change is made by the council on or before such date, the compensation cannot be changed during the term of office, can be applied to the facts of this case.

We agree with appellants that this statute has no application in this case. This statute only applies to officers of cities incorporated as such under our statutes providing for the incorporation of cities, towns, and villages having a population of 600 inhabitants or over. The agreed statement of facts shows that the town of Pelly has never been so incorporated, but has only acquired the rights and assumed the obligations of a town or village of over 400 and less than 10,000 inhabitants. The statutes of this state impose restrictions and grant favors to incorporated cities not conferred upon towns and villages incorporated as such. The mere fact that the town of Pelly has assumed the name of a city, and by an ordinance passed after its incorporation referred to statutes applicable only to incorporated cities, does not change or affect its status of incorporation under the statute providing for the incorporation of towns and villages. The undisputed evidence shows that the town has never attempted to exercise the authority conferred or the obligations imposed upon it by the statute providing for the incorporation of a city of more than 1,000 inhabitants. All of its operations have been in accordance with its charter powers conferred by its original incorporation as a town or village, and appellee has held his office both by appointment and election with

full acquiescence in the right of the town to fix his compensation from time to time as the board of aldermen might determine.

These conclusions require that the judgment be reversed and here rendered in favor of appellants, denying the injunction prayed for by appellee.

Reversed and rendered.